UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dwayne Brooks, | ) | CASE NO. 1:16 CV 1017 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| LaShann Eppinger, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg (Doc. 8) recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. 2). Petitioner has filed Objections to the Report and Recommendation. For the reasons set forth below, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court reviews *de novo* those portions of a report of a magistrate judge to which a specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 149-52

1

(1985). The judge may accept, reject, or modify any proposed finding or recommendation.

**Discussion**

In May 1988, a Cuyahoga County grand jury indicted Petitioner on one count of aggravated murder with gun and mass murder specifications; two counts of attempted aggravated murder with gun specifications; and one count of aggravated robbery with gun specifications. On December 8, 1988, a jury found Petitioner guilty of aggravated murder with a mass murder specification, guilty of both counts of attempted aggravated murder, guilty of aggravated robbery, and not guilty as to all gun specifications. On December 15, 1988, upon recommendation of the jury, the trial court sentenced Petitioner on the aggravated murder conviction to a term of life imprisonment, without the possibility of parole until he served 20 years. For the other counts, Petitioner was sentenced to three concurrent terms of 5 to 25 years, to be served consecutive to the life term. (Id.) The conviction was affirmed on direct appeal, *State v. Brooks*, No. 57034, 1991 WL 1494, at *1 (Ohio Ct. App. Jan. 10, 1991), and on February 18, 1992, the Ohio Supreme Court denied jurisdiction.

Petitioner unsuccessfully challenged his judgment of conviction on numerous grounds in state court throughout the 1990s and 2000s. He filed a petition for writ of habeas corpus in this Court on September 19, 2000. The Court dismissed the petition as time-barred, and alternatively, as meritless. The Sixth Circuit denied a Certificate of Appealability on May 5, 2003, and the Supreme Court denied certiorari on December 15, 2003.

Petitioner's current petition challenges the constitutionality of the Ohio Parole Board's actions during his parole hearings. The Magistrate succinctly describes Petitioner's parole proceedings, as well as his state court challenges to the proceedings, in the Report and

Recommendation. That discussion is incorporated as if rewritten herein. (R&R at 4-6).

Magistrate Judge Greenberg first found that the current petition is not a "second or successive" petition, and so Petitioner did not need to seek authorization from the Sixth Circuit to file it. (*Id.* at 6-7). Neither party objects to this conclusion. The Court agrees that Sixth Circuit authorization is not required because the factual predicate for Petitioner's current claims–his parole proceedings–arose after the date on which he filed his first petition.

The Court also agrees with Magistrate Judge Greenberg's conclusion that the current petition is time-barred under the one-year statute of limitations period in the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. § 2244(d). The Magistrate found that the very latest date on which the statute of limitations began running was March 12, 2014, the date on which the Ohio Supreme Court initially dismissed the claim that Petitioner now raises in his federal habeas petition. Thus, the latest that the limitations period would have expired was March 12, 2015, more than a month before Petitioner filed his petition in this Court on April 28, 2016. In his objections, Petitioner argues that the limitations period did not begin running until July 14, 2015, the date on which the Ohio Supreme Court dismissed Petitioner's third state habeas corpus petition regarding his parole hearings on res judicata grounds. The Court agrees with the Magistrate that this subsequently filed state habeas petition cannot revive the already expired limitations period. (*See* R&R at 10); *see also Garner v. Gansheimer*, No. 1:09CV00874, 2010 WL 547482, at *5 (N.D. Ohio Feb. 10, 2010) ("A defendant may not utilize a state court's general motion practice to create his own method of seeking post-conviction relief, otherwise he could bring successive motions seeking to reinstate a denied petition...and thus stave off the running of the AEDPA-

proscribed time to file a federal petition virtually into perpetuity.") (citations omitted). Magistrate Judge Greenberg also correctly concluded that Petitioner failed to show that the circumstances of his case warrant equitable tolling.

Finally, the Court agrees with Magistrate Judge Greenberg that, even if the petition had been timely filed, it does not raise claims that are cognizable on habeas review. Specifically, Petitioner has not shown that he had a legitimate claim of entitlement to release on parole that should be afforded constitutional protection. (R&R at 11-13) (quoting *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) ("The law of Ohio gives a convicted person no legitimate claim of 'entitlement' to parole before the expiration of a valid sentence of imprisonment.")).

**Conclusion**

For the reasons stated above, the Report and Recommendation of Magistrate Judge Judge Greenberg recommending dismissal of Petitioner's pending Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) is accepted. Magistrate Judge Greenberg correctly determined that Petitioner is not entitled to a writ of habeas corpus. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                        /s/ Patricia A.Gaughan  
                                        PATRICIA A. GAUGHAN  
                                        United States District Judge

Dated: 12/19/16